Amy M. Samberg
Nevada Bar No. 10212
Chad R. Fears
Nevada Bar No. 6970
Joshua D. Cools
Nevada Bar No. 11941
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: asamberg@swlaw.com
Email: cfears@swlaw.com
Email: jcools@swlaw.com

*Attorneys for Plaintiff/Counter-Defendant
Liberty Mutual Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MAHMOUD ISMAIL SBAIH; SAMEERA SBAIH,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIM | CASE NO. 2-10-CV-01384-JCM-RJJ<br><br>**ORDER GRANTING LIBERTY MUTUAL'S MOTION FOR SUMMARY JUDGMENT – (Dkt. # 25) AND DENYING THE SBAIHS' COUNTERMOTION FOR SUMMARY JUDGMENT – (Dkt. # 27)** |

Before the Court are Plaintiff and Counter-Defendant Liberty Mutual's Motion for Summary Judgment (Dkt. # 25) and Jesse and Sameera Sbaihs' Countermotion for Summary Judgment (Dkt. # 27). The Court has considered all of the papers filed by the parties, as well as oral argument made at the hearing conducted by this Court on March 17, 2011, at 1:30 pm. Based on this consideration and for the reasons set forth below, this Court GRANTS Liberty Mutual's Motion for Summary Judgment (Dkt. # 25) and DENIES the Sbaihs' Countermotion for Summary Judgment (Dkt. # 27).

///

12737578

I. **THE UNDISPUTED FACTS**

In October 2009, Plaintiff issued a Personal Catastrophe Liability Policy, policy number LJ1-268-398523-109 0 ("LJ Policy or Umbrella Policy"), with a policy period of October 21, 2009 through October 21, 2010. *See* Compl. ¶ 17; LibertyGuard Personal Catastrophe Liability Policy Declarations ("Policy Declarations"), Liberty Mutual's Mot., Ex. 1; Personal Catastrophe Liability Policy ("Policy"), Liberty Mutual's Mot., Ex. 2. The Policy provides a limit of $2,000,000 for liability coverage for each occurrence, subject to all the terms of the policy. *See* Compl. ¶ 18; Policy Declarations at 1; Policy at 2-5. Explicit in the Policy is a coverage provision that the Policy does not apply to injuries to the insured. Policy at 2. Neither the policy language nor the declaration page provides UM/UIM coverage. Compl. ¶ 21; Policy at 1-2. Despite the language of the Policy, it is undisputed that Liberty Mutual did not provide the Sbaihs with the form notifying them that the Policy did not include UM/UIM coverage.

On December 11, 2009, Defendant Sameera Sbaih was involved in an automobile accident. *See* Compl. ¶ 6, Answer ¶ 6 (admitting allegations contained in Compl. ¶ 6). Another driver, Veronica White, collided with Sbaih while she was stopped at a red light. *See* Compl. ¶¶ 9-10; Answer ¶¶ 9-10 (admitting allegations in corresponding paragraphs of Complaint). Ms. White's insurer, Farmer's Insurance, accepted liability for the motor vehicle accident and tendered its policy limits of $30,000 to Sbaih. *See* Compl. ¶¶ 11-12, Answer ¶¶ 11-12 (admitting allegations in corresponding paragraphs of Complaint). The Sbaihs then made a policy limit demand under the LJ/Umbrella Policy of $2,000,000. *See* Compl. ¶ 20; Answer ¶ 20 (admitting that Defendant Dr. Sbaih "demanded that Liberty Mutual pay her the sum of $2,000,000 in additional benefits under the LJ Policy").

Liberty Mutual filed this suit on August 13, 2010. The sole cause of action alleged in the Complaint was for declaratory relief, seeking determination of the issue that is presently before this Court. The Sbaihs filed counterclaims against Liberty Mutual, but the competing motions for summary judgment only seek resolution of Liberty Mutual's claim for declaratory relief.

/ / /

/ / /

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. *N.W. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Construction of insurance policies and statutes are legal determinations appropriate for summary judgment. *See Allstate v. Fackett*, 206 P.3d 572, 575 (Nev. 2009); *Metz v. Metz*, 120 Nev. 786, 792, 101 P.3d 779, 783 (2004).

Summary judgment is now appropriate because there are no factual disputes at issue regarding Plaintiff's declaratory judgment claim. This is purely a legal determination as to interpretation of the insurance policy and Nevada Revised Statute § 687B.440. There are no disputed facts pertinent to this determination.

## III. **ANALYSIS**

### A. The Policy does not cover Sameera Sbaih's claims.

The Nevada Supreme Court recently reiterated that "[w]hen there are no disputed material facts, [a] court reviews construction of an insurance policy as purely a question of law." *Allstate*, 206 P.3d at 575. Moreover, under Nevada law the terms of an insurance contract must be construed "in their plain and ordinary sense and from the viewpoint of one not trained in law." *Griffin v. Old Republic Ins. Co.*, 122 Nev. 479, 482, 133 P.3d 251, 253 (2006). Accordingly, determinations regarding insurance contract coverage "are suitable for determination by summary judgment." *See Nelson v. California State Auto. Ass'n Inter-Bureau*, 114 Nev. 345, 384, 956 P.2d 803, 805 (1998).

Liberty Mutual's LJ/Umbrella Policy with the Sbaihs is a personal catastrophe liability policy. The policy itself is five pages in length. Under the heading "II. COVERAGE – PERSONAL EXCESS LIABILITY", the policy states "We will pay all sums in excess of the

retained limit and up to our limit of liability for damages because of **personal injury** or **property damage** to which this policy applies and for which the **insured** is legally liable." Policy at 2. On this same page, in its own paragraph, the policy states:

> This policy does not apply to:
>
> h.      **personal injury** to the **insured**

Policy at 2. Dr. Sbaih's claims for benefits under the LJ/Umbrella Policy are for personal injuries suffered by the insured, Dr. Sbaih, as a result of her accident. On its face, it is clear that the policy does not cover such injuries. This policy was issued to cover personal liability claims *against* the Sbaihs, not claims made *by them*. In essence, Sbaihs seek a complete transformation of the insurance contract.

### B.     N.R.S. § 687B.440 requires notice – it does not create a waiver.

Statutory construction is an issue to be decided as a matter of law. *See Metz*, 120 Nev. at 792, 101 P.3d at 783. The objective, when construing statutes, "is to give effect to the legislature's intent." *U.S. Design & Const. Corp. v. Int'l Broth. Of Elec. Workers*, 118 Nev. 458, 461, 50 P.3d 170, 172. The process of statutory interpretation must "avoid absurd or unreasonable results." *Banegas v. State Indus. Ins. System*, 117 Nev. 222, 228, 19 P.3d 245, 249 (2001). Accordingly, the court must first look to the plain language of the statute. *See U.S. Design & Const. Corp.*, 118 Nev. at 461. However, "where statutory language is ambiguous or otherwise unclear, the court will construe it according to that which 'reason and public policy would indicate the legislature intended.'" *Id.* (quoting *State, Dept't Mtr. Vehicles v. Vezeris*, 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986)).

The Sbaihs made policy limit demands on the Policy, based on the fact that Liberty Mutual failed to comply with N.R.S. 687B.440, which provides:

> 1.   An insurer offering an umbrella policy to an individual shall obtain a signed disclosure statement from the individual indicating whether the umbrella policy includes uninsured or underinsured vehicle coverage.
>
> …

> 3. The disclosure statement for an umbrella policy that does not include uninsured or underinsured vehicle coverage must be on a form provided by the commissioner or in substantially the following form:
>
> ☐ Your Umbrella Liability Policy does not provide any uninsured/underinsured vehicle coverage.
>
> I understand and acknowledge the above disclosure.
>
> ...................................................  ................................
> Insured                                              Date

N.R.S. § 687B.440. Liberty Mutual does not claim to have provided this disclosure to the Sbaihs.

The issue before this Court is whether this statute requires a waiver of rights under the insurance contract where an insurer fails to comply with the statute. This Court holds that it does not. The statute is a notice statute, requiring disclosure of the existence of coverage or absence of coverage. Absent from the statute is language providing a waiver, such as "you must offer coverage for UM/UIM, or obtain a waiver signed by the insured waiving such coverage." N.R.S. § 687B.440 does not include such language.

This statutory scheme is in juxtaposition to the statutes regarding the primary automobile insurance policies. Unlike the umbrella policies, when an insurer offers automobile policies, it must offer UM/UIM coverage. *See* N.R.S. 687B.145(2). But N.R.S. 687B.145(5) provides that insurers need not provide UM/UIM coverage on umbrella policies. This is a significant distinction, and confirms that the disclosure statute, N.R.S. § 687B.440, provides just that – disclosure, not waiver. Therefore, failure to comply with the statute does not result in reformation of the umbrella policy to include injuries to the insured – something the policy did not contemplate and the statute does not require.

///
///
///
///
///
///

IV. **CONCLUSION**

Based on the foregoing analysis, and this Court's consideration of the filings and oral argument in this case,

IT IS HEREBY ORDERED THAT Liberty Mutual's Motion for Summary Judgment (Dkt. # 25) is GRANTED.

IT IS FURTHER ORDERED THAT Jesse and Sameera Sbaih's Countermotion for Summary Judgment (Dkt. # 27) is DENIED.

DATED: March 30, 2011.

By: _____
UNITED STATES DISTRICT JUDGE
JAMES C. MAHAN

Prepared and Submitted by:
SNELL & WILMER L.L.P.

_____
Amy M. Samberg
Nevada Bar No. 10212
Chad R. Fears
Nevada Bar No. 6970
Joshua D. Cools
Nevada Bar No. 11941
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Plaintiff/Counter-Defendant
Liberty Mutual Insurance Company*

12737578

- 6 -

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **[PROPOSED] ORDER GRANTING LIBERTY MUTUAL'S MOTION FOR SUMMARY JUDGMENT – (Dkt. # 25) AND DENYING THE SBAIHS' COUNTERMOTION FOR SUMMARY JUDGMENT – (Dkt. # 27)** by the method indicated:

| | |
|---|---|
| XXXX | Electronic Service via CM/ECF |
| _____ | U. S. Mail |
| _____ | U.S. Certified Mail |
| _____ | Facsimile Transmission |
| _____ | Federal Express |

and addressed to the following:

Jesse M. Sbaih, Esq.
Jesse Sbaih & Associates, Ltd.
170 S. Green Valley Parkway, Suite 280
Henderson, NV 89012

*Attorneys for Defendants*

DATED this 29th day of March, 2011.

*Wendy S. Rudnick*
An Employee of Snell & Wilmer L.L.P.

12737578

- 7 -