# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LIBERTY MUTUAL INSURANCE COMPANY,

        Plaintiff,

v.

MAHMOUD ISMAIL SBAIH, et al.,

        Defendants.

2:10-CV-1384 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Liberty Mutual Insurance Company's motion for separate trial. (Doc. #59). Defendants, Mahmoud Sbaih and Sameera Sbaih, have not filed an opposition.

Defendant Sameera Sbaih filed the instant action alleging contractual and other tort claims against the plaintiff in the amount of $200,000 for insurance proceeds arising from a car accident. (Doc. #7). Specifically, she alleges breach of contract, tortious breach of contract, breach of the implied covenant of good faith and fair dealing, unfair claim practices, breach of fiduciary duty, intentional infliction of emotional distress, and declaratory relief. (Doc. #7). Plaintiff has filed the instant motion for separate trial of defendant Sameera's breach of contract claim (doc. #59).

The court notes that defendants failed to file an opposition to the motion, and that under Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, the court also notes that this does not provide, on its own, sufficient grounds to grant the motion for separate trial, and that

**James C. Mahan**
**U.S. District Judge**

1  the plaintiff must still meet its burden.  Before dismissing an action for noncompliance with a local
2  rule, the district court is required to weigh several factors: "(1) the public's interest in expeditious
3  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
4  defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability
5  of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v.*
6  *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

7  Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or
8  to expedite and economize, the court may order a separate trial of one or more separate issues . . .
9  ." In deciding a motion for bifurcation pursuant to Federal Rule of Civil Procedure 42(b), the court
10 considers factors such as convenience, prejudice, judicial economy, and whether the issues are
11 clearly separable. *Van Wijk v. Western Nat. Assur. Co.*, No. C11-116 MJP, slip op. at 1 (W.D.Wash.
12 May 10, 2011) (citing *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).  Bifurcation is
13 inappropriate where issues are so intertwined that separating them would "tend to create confusion
14 and uncertainty." *See Miller v. Fairchild Indus. Inc.*, 885 F.2d 498, 511 (9th Cir. 1989) (citation and
15 internal quotations omitted).

16 Here, plaintiff argues it will be inconvenienced by having to try both the contractual and the
17 extra-contractual claims together.  It claims because the extra-contractual elements of proof and
18 damages components are different from the contractual claim, there should be two trials instead of
19 one.  Secondly, plaintiff contends it will be prejudiced because the allegations and proof regarding
20 the bad faith and extra-contractual claims are likely to taint the jury's consideration of the breach of
21 contract claim (doc. #59).  Lastly, it claims that the alleged bad faith and extra-contractual claims
22 will center around the timing and amount of offers of settlement, which is contrary to Federal Rule
23 of Evidence 408, under which it is improper for a jury to consider settlement offers or payments
24 received from collateral sources, which are supposed to be confidential.  *See McCown v. City of*
25 *Fontana*, 565 F.3d 1097 (9th Cir. 2009).

26 The court does not find bifurcation warranted here.  It would be prejudicial to the defendants
27 and time-consuming for the court if two separate trials were required on intertwined factual issues.
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

To the extent the breach of contract claim must be separated from defendants' bad faith and other claims, the court has the ability to sequence the issues in a single trial. *See Van Wijk*, No. C11-116 MJP, slip op., at 1. In a sequenced trial, the parties would first present to a jury the breach of contract claim, then the bad faith and other extra-contractual claims. *Id.*

Furthermore, with regards to Federal Rule of Evidence 408, the court considers both the prejudice to the other party as well as the efficiency for the court in deciding whether to bifurcate a case. *See Cook v. United Serv. Auto. Ass'n*, 169 F.R.D. 359, 361 (D. Nev. 1996); *Van Wijk*, No. C11-116 MJP, slip op., at 1. In *Van Wijk*, the defendant contended that prejudice would result if the plaintiff's extra-contractual claims were litigated with the breach of contract claim because the insured's liability coverage would be revealed to the jury in the contract claim. *Id.* Nevertheless, the court held that bifurcation was not warranted because it would be prejudicial to the plaintiffs and time-consuming for the court if two separate trials were required on similar and intertwined factual issues. *Id.*

Here, the court finds bifurcation unwarranted as neither will the jury's consideration of the breach of contract claim be tainted, nor will the defendant's and court's time and resources be spent deciding two trials where the evidence in the case is sufficient for one.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for separate trial of defendant Sameera Sbaih's breach of contract claim (doc. #59) is DENIED.

DATED June 21, 2011.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge